UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN L. STARKS,

          Movant,

     v.

DEPARTMENT OF DEFENSE,

          Respondent.

Case No. 2:26-mc-00074-DJC-CSK

ORDER

Movant, Justin L. Starks, proceeds without counsel and seeks to challenge a subpoena issued by Respondent Department of Defense to obtain Movant's financial records from Capital One, which Respondent seeks in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq.[1] Pending before the Court is Movant's application to proceed in forma pauperis. (ECF No. 2.)

To commence a civil proceeding, along with the initiating papers, the initiating party must either pay the $405.00 filing fee or file an application requesting leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a).

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Movant's affidavit does not adequately support a conclusion that Movant was unable to pay the court costs and still afford the necessities of life when Movant filed this proceeding. At that time, Movant had $2,100 in the bank and approximately $37,000 in vehicle assets. (ECF No. 2 at 2.) Movant listed income and/or assistance somewhere between $4,800 and $5,000 total per month. Movant listed expenses in the amount of $2,250 total per month. Although Movant listed four dependent individuals, Movant failed to specify the amounts he contributes for their support. Thus, Movant's expenses reflect more than the bare necessities of life. While § 1915(a) does not require a litigant to demonstrate "absolute destitution," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a).

Movant does not make an adequate showing of indigency for in forma pauperis status. Movant will be granted fourteen (14) days in which to submit the filing fee and administrative fee to the Clerk of the Court. Movant is cautioned that failure to pay the court costs or file a renewed affidavit will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that, within fourteen (14) days from the date of this order, Movant Justin L. Starks shall submit the appropriate filing fee or a renewed affidavit to proceed without prepayment of fees.

Dated:  April 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, star.0074.26

2